UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT STUCKSTEDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV00663JCH |
| | ) |
| NJVC LLC AND COMPUTER SCIENCES CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Computer Sciences Corporation's Motion to Dismiss Count II of Plaintiff's Complaint ("Motion") (Doc. No. 7). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Robert Stuckstede ("Stuckstede") worked as a Computer Network Engineer for NJVC-LLC ("NJVC") starting October 3, 2005. (Plaintiff's Complaint ("Compl."), Doc. No. 4, ¶ 8). Defendant Computer Sciences Corporation ("CSC") is a subcontractor performing computer network engineering work for Defendant NJVC. NJVC is a contractor for and receives federal grant money from the National Geospatial Agency. (Compl., Doc. No. 4, ¶¶ 5, 9). Plaintiff's fellow network engineers were all employed by CSC. (Id., ¶ 9). Plaintiff's direct supervisor, Jim Paul, was a CSC employee. (Id., ¶ 10).

Plaintiff brings a two count Complaint for whistleblower retaliation (Count I) and age discrimination (Count II) against defendants NJVC and CSC. (Id., ¶¶ 12-29). Plaintiff alleges that,

from approximately 2007 until his termination, he observed co-workers abusing the leave policy. (Id., ¶ 13). Plaintiff alleges that he repeatedly reported these abuses to his supervisor, Jim Paul. (Id., ¶ 14). Plaintiff alleges that he was terminated for reporting the aforementioned leave policy violations. (Id., ¶¶ 15, 17). Plaintiff alleges that he believed his co-workers' behavior violated Federal law, Missouri State law and Missouri public policy. (Id., ¶ 16). Plaintiff also alleges that, in violation of the Missouri Human Rights Act ("MHRA"), §§ 213.010 R.S.Mo., *et seq.*, his age was a contributing factor in Defendants' decision to terminate him. (Id., ¶ 23). Plaintiff alleges that he exhausted his administrative remedies by timely filing a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and receiving Notice of Right to Sue in accordance with the MCHR charge. (Id., ¶ 25).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view in the allegations in the complaint in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). The Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," and the motion must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft

v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555) ("more than labels and conclusions ... a formulaic recitation of the elements of a cause of action will not do"). Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556).

**DISCUSSION**

Exhausting administrative remedies is a prerequisite to filing a civil action under the MHRA. "[A] claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994). Exhaustion under the MHRA "requires a claimant give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally." Id. The purpose of the administrative proceeding is to notify the charged party of the alleged violation and to secure voluntary compliance with the law. Waldermeyer v. ITT Consumer Financial Corp., 767 F.Supp. 989, 993 (E.D. Mo. 1997). Under the MHRA, the aggrieved party must file a verified complaint in writing within 180 days of the alleged act of discrimination. § 213.075(1), R.S.Mo. 2008. After 180 days from the filing of the complaint, if the administrative process is not yet satisfactorily completed, the aggrieved person may request a Right to Sue letter which provides him with 90 days to bring a civil action against the respondent named in the complaint. § 213.111(1), R.S.Mo. 2008. The MCHR is only authorized to issue such a letter against the respondent named in the complaint. Id.

CSC asserts that Plaintiff failed to exhaust his administrative remedies against CSC because he never named CSC in his administrative complaint and never obtained a Notice of Right to Sue for CSC. (Motion, ¶¶ 4, 7, 9). CSC urges to the Court to dismiss Count II because it was not named

in the Notice of Right to Sue. Plaintiff attached as an exhibit to his Complaint his Notice of Right to Sue, which only names NJVC as a respondent. See Doc. No. 1-2, p. 9.

Omitting a party as a respondent in an administrative complaint to the MCHR is not necessarily fatal to naming that party as a defendant in a subsequent civil suit. Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir. 1985) (litigation involving an EEOC charge).[1] The Eighth Circuit has recognized exceptions where the unnamed party was provided with notice and the opportunity to participate in voluntary conciliation proceedings. Id.; Porter v. City of Lake Lotawana, 2009 U.S. Dist. LEXIS 27500, *145 (W.D. Mo. Mar. 31, 2009) ("The fact that an individual was not specifically named in the administrative charge does not preclude pursing a claim against the individual in court if such individual had adequate notice of the charge."); Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1034 (E.D. Mo. 2004). The Eighth Circuit also recognizes an exception where a sufficient identity of interest exists between the respondent and the unnamed party to act as notice of the charge and to attempt conciliation. Greenwood, 778 F.2d at 451. Generally, the exception to the exhaustion requirement applies if the parties, although not formally named as respondents, were "informally referenced in" the administrative charge. Porter v. City of Lake Lotawana, 2009 U.S. Dist. LEXIS 27500, at *146; Porter v. ABB Power T&D Inc., 2008 U.S. Dist. LEXIS 83747, at *6-7 (W.D. Mo. Oct. 20, 2008).

Plaintiff argues that he has properly alleged that he exhausted his administrative remedies simply because he alleged exhaustion as a legal conclusion in his Complaint. See Plaintiff Robert Stuckstede's Memorandum in Opposition to Defendant Computer Sciences Corporation's Motion to Dismiss Count II of Plaintiff's Petition as to CSC ("Response"), Doc. No. 11, p. 1 ("In paragraph

---

[1]Decisions under the MHRA are guided by Missouri law and "federal employment discrimination decisions which 'are applicable and authoritative under the MHRA.'" Tart, 31 F.3d at 671 (quoting Lane v. Ground Round, Inc., 775 F. Supp. 1219, 1223 (E.D. Mo. 1991)).

25 of Plaintiff's Petition, he alleges: 'ROBERT STUCKSTEDE has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Missouri Commission on Human Rights.'"). This Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft, 129 S. Ct. at 1950. Plaintiff has not alleged that he filed a charge against CSC or that he received a notice of right-to-sue regarding CSC. Rather, Plaintiff refers to the Right to Sue attached as an exhibit to the Complaint, which only names NJVC. (Compl., ¶25, Exhibit 1 thereto). The MCHR provides that "the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action ... against the respondent named in the complaint." § 213.111 R.S.Mo. Because Plaintiff's Right to Sue only mentions NJVC, the Court must conclude that CSC was not a respondent named in Plaintiff's administrative complaint.

Plaintiff asks the Court to "deem administrative remedies exhausted as to all incidents of discrimination that are 'like or reasonably related to the allegations of the [administrative] charge.'" See Plaintiff's Response, p. 2 (citing Tart, 31 F.3d at 671). Plaintiff, however, has not attached a copy of the administrative charge to his Complaint. This Court cannot expound upon the administrative charge when it has not been provided with it.

Plaintiff further asks the Court to refer to the administrative intake questionnaire. Response, p. 2 (referring to Exhibit 1 to the Response). The administrative intake questionnaire likewise was not included in or attached to Plaintiff's Complaint. Plaintiff merely attached it to his Response. Under Federal Rule of Civil Procedure 12(b)(6), this Court cannot consider the intake questionnaire in ruling on this Motion to Dismiss. See Former Vacuum & Janitor Supply Co. v. Renard Paper Co., 2007 U.S. Dist. LEXIS 66826, at *13 (E.D. Mo. Sept. 10, 2007) (citing Casazza v. Kiser, 313 F.3d

414, 417 (8th Cir. 2002)) (refusing to consider documents attached to the response to the motion to dismiss because they are "matters outside the pleadings").[2]

Even construing the facts in the Complaint in the manner most favorable to Plaintiff, this Court cannot find that Plaintiff exhausted his administrative remedies against CSC. The Court cannot speculate as to what may or may not have been included in the administrative charge, nor can it look outside the Complaint to documents attached to other pleadings. CSC's Motion to Dismiss Count II of Plaintiff's Complaint is granted, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant Computer Sciences Corporation's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. No. 7) is **GRANTED**, without prejudice. Plaintiff has until **Monday, August 10, 2009** to file an amended complaint that corrects the pleading deficiencies described herein.

Dated this 24th day of July, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

---

[2] As noted by Defendants, even if this Court did consider the intake questionnaire, it is insufficient to "satisfy the statutory requirements for a charge because they are not verified." Lawrence v. Cooper Communities, 132 F.3d 447, 450 (8th Cir. 1998); Defendant Computer Science Corporation's Reply Memorandum in Support of its Motion to Dismiss Count II of Plaintiff's Petition, Doc. No 12, p. 3.