UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT STUCKSTEDE, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:09CV0663 JCH |
| | ) |
| NJVC LLC AND COMPUTER SCIENCES CORPORATION, | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Computer Sciences Corporation's Motion to Dismiss Count I (Doc. No. 17). This matter is fully briefed and ready for disposition.

## BACKGROUND

NJVC-LLC ("NJVC") is a contractor for and receives federal grant money from the National Geospatial Intelligence Agency ("NGA"). (Plaintiff's Complaint ("Compl."), Doc. No. 4, ¶ 5). Plaintiff Robert Stuckstede ("Stuckstede" or "Plaintiff") worked as a Computer Network Engineer for NGA from July 9, 1979 through October 3, 2005, when the NGA stopped employing Computer Network Engineers directly and started contracting them through NJVC. (Compl., ¶ 7). Beginning October 3, 2005, Plaintiff worked as a contractor for NJVC at the NGA. (Compl.¶ 8). Defendant Computer Sciences Corporation ("CSC") is a subcontractor performing computer network engineering work for Defendant NJVC. (Compl., ¶ 9). Plaintiff's fellow network engineers were all employed by CSC. (Id., ¶ 9). Plaintiff's direct supervisor, Jim Paul, was a CSC employee. (Id., ¶ 10). Plaintiff alleges that NJVC and CSC are "jointly liable as his employer." (Compl., ¶ 11).

Plaintiff filed a two count Complaint for wrongful discharge (whistleblowing) (Count I) and age discrimination (Count II) against defendants NJVC and CSC. (Id., ¶¶ 12-29). Plaintiff alleges

that, from approximately 2007 until his termination, he observed co-workers abusing the leave policy. (Id., ¶ 13). Plaintiff alleges that he repeatedly reported these abuses to his supervisor, Jim Paul. (Id., ¶ 14). Plaintiff alleges that he was terminated for reporting the aforementioned leave policy violations. (Id., ¶¶ 15, 17). Plaintiff alleges that he believed his co-workers' behavior violated Federal law, Missouri State law and Missouri public policy. (Id., ¶ 16).

On July 24, 2009, this Court granted Defendant CSC's Motion to Dismiss Count II of Plaintiff's Complaint for failure to exhaust his administrative remedies under the Missouri Human Rights Act. In the instant Motion, CSC seeks dismissal of Count I of Plaintiff's Complaint under the federal enclave doctrine.

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court must accept "the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570,127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level." Id. at 555 (citations omitted); Gregory v. Dillards, Inc., No. 05-3910, 2009 U.S. App. LEXIS 10101, at *24 (8th Cir. May 12, 2009) ("the complaint must include sufficient factual allegations to provide the grounds on which the

claim rests"). A district court is not required to divine the litigant's intent and create claims that are not clearly raised, and the court need not conjure up unpled allegations to save a complaint. Gregory, 2009 U.S. App. LEXIS 10101, at *24 (citations omitted). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

A.  Federal Enclave Doctrine

"When the federal government acquires title to state land with the consent of the state legislature, Congress acquires exclusive power to legislate in respect thereto." Bell v. Alliant Lake City Small Caliber Ammunition Co., LLC, No. 05-1106-CV-W-ODS, 2006 U.S. Dist. LEXIS 26474, at *2-3 (W.D. Mo. Mar. 20, 2006) (citing Miller v. Wackenhut Services, Inc., 808 F.Supp. 697, 699 (W.D.Mo., 1992)). "The grant of exclusive legislative power to Congress over enclaves that meet the requirements of Art. I, Sec. 8, Clause 17, bars state regulation unless Congress consents to state regulation." Miller, 808 F. Supp. at 700 (citing Paul v. United States, 371 U.S. 245, 263, 83 S. Ct. 426, 437, 9 L. Ed. 2d 292 (1963); West River Electric v. Black Hills Power & Light Co., 918 F.2d 713, 716 (8th Cir. 1990)).[1] "[B]ecause of the fundamental importance of the principles shielding federal installations and activities from regulation by the states, an authorization of state regulation is found only when and to the extent there is a clear congressional mandate, specific

---

[1] The United States Constitution provides that "the Congress shall have the Power ... To exercise exclusive Legislation in all Cases whatsoever, ... over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards and other needful Buildings." U.S. Const. art. 1, §8, cl. 17.

congressional action that makes this authorization of state regulation clear and unambiguous." Miller, 808 F. Supp. at 700 (citing Hancock v. Train, 426 U.S. 167, 179, 96 S. Ct. 2006, 2013, 48 L. Ed. 2d 555 (1976)). Federal law is the only law governing federal installations, except to the extent Congress specifically authorizes state regulation. Miller, 808 F.Supp. at 700.

B.   Defendant CSC's Motion

   1.   NGA is a Federal Enclave

CSC provided evidence that the NGA is a federal enclave,[2] and this is not disputed by Plaintiff. See Plaintiff Robert Stuckstede's Memorndum [sic] in Opposition to Defendant Computer Sciences Corporation's Motion to Dismiss ("Response"), Doc. No. 23, *passim*. The United States acquired the property at issue by an Indenture dated August 3, 1827. See Letter Report, Doc. No. 17-5, Exhibit C to Affidavit of Mike Reidelberger, Doc. No. 17-2. Based upon the evidence provided, the Court finds that NGA is a federal enclave.

   2.   Location of the Cause of Action

In his Complaint, Plaintiff alleges that both NJVC and CSC have their principal places "of business in St. Louis City, Missouri wherein the acts alleged herein occurred, located at 3200 S. 2nd Street, St. Louis, Missouri 63118." (Compl., ¶¶ 2, 3). Plaintiff also alleges that "[t]he acts

---

[2]CSC provided public records from the Office of the Recorder of Deeds of the City of St. Louis to support its claim that the NGA is a federal enclave. (Doc. No. 17-2 - 17-5). The Court may consider these documents in ruling on CSC's Motion to Dismiss Count I. See Levy v. Ohl, 477 F.3d 988, 991-992 (8th Cir. 2007) (district court did not err in relying upon a public record when considering a motion to dismiss, and not converting it to a motion for summary judgment); Muhonen v. AT&T Inc., No. 09-CV-0452, 2009 U.S. Dist. LEXIS 85650, at *9 (D. Minn. Aug. 21, 2009) ("A court does not, however, convert a motion to dismiss into a motion for summary judgment if it considers public records that do not contradict the complaint.").

.

complained herein occurred in St. Louis City, Missouri at the National Geospatial Intelligence Agency located at: 3200 S. 2nd Street, St. Louis, Missouri 63118." (Compl., ¶ 4).

In his Response, Plaintiff argues that his wrongful termination cause of action in Count I did not arise at the NGA Facility, but instead occurred at Plaintiff's home, where he received his termination letter. (Response, p. 2, Exhibit 1 thereto, Doc. No. 23-2). Plaintiff, however does not allege in his Complaint that his termination occurred at his home. Instead, Plaintiff alleges that the acts complained of occurred at "3200 S. 2nd Street, St. Louis, Missouri 63118." (Compl., ¶¶ 2, 3, 4).

The Court must assume all of the allegations of Plaintiff's Complaint are true and cannot depart from those allegations based upon Plaintiff's subsequent briefing. Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 826 (8th Cir. 2008) (court assumes all allegations are true when analyzing a Rule 12(b)(6) motion). For purposes of this Motion, the Court must assume that Plaintiff's alleged wrongful discharge occurred at 3200 S. 2nd Street, St. Louis, Missouri 63118.

In support of his claim that his termination occurred at his home, Plaintiff attached a termination letter as Exhibit 1 to his Response. This termination letter was not included in or attached to Plaintiff's Complaint. See Complaint, Doc. No. 4. Under Federal Rule of Civil Procedure 12(b)(6), this Court cannot consider the termination letter in ruling on this Motion to Dismiss. See Former Vacuum & Janitor Supply Co. v. Renard Paper Co., 2007 U.S. Dist. LEXIS 66826, at *13 (E.D. Mo. Sept. 10, 2007) (citing Casazza v. Kiser, 313 F.3d 414, 417 (8th Cir. 2002)) (refusing to consider documents attached to the response to the motion to dismiss because they are "matters outside the pleadings").

Relying upon his allegations in his Complaint, the Court finds that Plaintiff was terminated at the NGA at 3200 S. 2nd Street, St. Louis, Missouri 63118.

3.  Federal Enclave Doctrine Applies to Wrongful Discharge (Whistleblowing)

Plaintiff asserts that his claim is not precluded by the federal enclave doctrine because a whistleblowing claim is not premised on state statute or legislation. (Response, p. 4). Plaintiff notes that the cases cited in CSC's Memorandum in Support all involve MHRA claims or other "state regulatory statutes." (Response, p. 4).[3]

"Only federal law applies on a federal enclave, but preexisting state law not inconsistent with federal policy becomes federal law and is applicable as well." Cooper v. S. Cal. Edison Co., No. 03-57059, 2006 U.S. App. LEXIS 11897, at *3 (9th Cir. May 10, 2006) (citing Paul v. United States, 371 U.S. 245, 263-64, 83 S. Ct. 426, 9 L. Ed. 2d 292 (1963)); Lord v. International Brotherhood of Electrical Workers, 646 F.2d 1057, 1060 (5th Cir. 1981) (state laws adopted after cession of property as a federal enclave "are without force or effect on the federal enclave"). The federal enclave doctrine "has been applied uniformly to bar the application of state law, including state discrimination statutes, with respect to activities conducted by private employers on federal enclaves." Sundaram v. Brookhaven Nat'l Labs., 424 F. Supp. 2d 545, 570 (E.D.N.Y. 2006) (citing cases); Stiefel v. Bechtel Corp., 497 F. Supp. 2d 1138, 1148-49 (S.D. Cal. 2007) (plaintiff's claim for wrongful termination in violation of public policy was subject to the federal enclave doctrine). For common law causes of action, the courts look at when the causes of action were first recognized to determine if those causes of action pre-dated the federal acquisition of the federal enclave. Cooper, 2006 U.S. App. LEXIS 11897, at *3-4 (holding that the state law claims of intentional and negligent infliction

---

[3]Plaintiff cites Osburn v. Morrison Knudsen Corp., 962 F. Supp. 1206, 1209 (E.D. Mo. 1997) (court held that MHRA claim could not stand based upon employment practices at a federal enclave); Miller v. Wackenhut Services, Inc., 808 F. Supp. 697, 700 (W.D. Mo. 1992) (dismissing plaintiff's claims "under Missouri's statutes prohibiting employment discrimination" based upon the federal enclave doctrine); Black Hills Power & Light Co. v. Weinberger, 808 F.2d 665, 666 (8th Cir. 1987) (because property was a federal enclave, contracting officials were not required to follow state utility franchise law).

of emotional distress and retaliation did not pre-date the acquisition of Camp Pendelton by the United States and, therefore, were barred by the federal enclave doctrine).

Plaintiff purports to allege a cause of action for "Wrongful Discharge of Plaintiff Because He Reported Violations of Law or Public Policy (Whistleblowing)." "Missouri courts have recognized four public policy wrongful discharge actions, where an employee will have a cause of action if he or she was terminated for '(1) refusing to perform an illegal act or an act contrary to a strong mandate of public policy; (2) reporting wrongdoing or violations of law or public policy by the employer or fellow employees to superiors or third parties; (3) acting in a manner public policy would encourage . . . ; or (4) filing a workers' compensation claim.'" Margiotta v. Christian Hosp. Northeast Northwest, No. ED91466, 2009 Mo. App. LEXIS 992, at *7 (Mo. Ct. App. June 30, 2009). "An action under the second public policy exception, a whistleblower action, was first recognized in Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859 (Mo. App. W.D. 1985)." Id. Accordingly, a cause of action for whistleblowing was recognized in Missouri after cession of the NGA property as a federal enclave. See Cooper v. S. Cal. Edison Co., 2006 U.S. App. LEXIS 11897, at *3. Plaintiff's Count I, therefore, is barred by the federal enclave doctrine.

4. Conclusion

Even construing the facts in the Complaint in the manner most favorable to Plaintiff, this Court finds that Plaintiff's wrongful discharge (whistleblowing) cause of action is barred by the federal enclave doctrine. CSC's Motion to Dismiss Count I of Plaintiff's Complaint is granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant Computer Sciences Corporation's Motion to Dismiss Count I (Doc. No. 17) is **GRANTED**.

Dated this 5th day of November, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE