UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT STUCKSTEDE, )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>NJVC LLC AND COMPUTER SCIENCES )<br>CORPORATION, )<br>)<br>Defendant(s). ) | Case No. 4:09CV0663 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant NJVC LLC's Motion to Dismiss (Doc. No. 31) and Plaintiff Robert Stuckstede's Motion for Leave to File His First Amended Complaint (Doc. No. 33). Plaintiff did not file a response to Defendant's Motion to Dismiss. Defendant filed an opposition to Plaintiff's Motion for Leave (Doc. No. 34). The time has expired for Plaintiff to file any responses to Defendant's pleadings.

## BACKGROUND

The Court provided a detailed factual background of this case in its orders on Defendant CSC Corporation's Motions to Dismiss. (Doc. Nos. 16, 28).

Plaintiff filed a two count petition in St. Louis City Circuit Court, which Defendants subsequently removed to this Court. Therein, Plaintiff alleged causes of action for Wrongful Discharge of Plaintiff Because He Reported Violations of Law or Public Policy (Whistleblowing) (Count I) and Discriminatory Discharge in Violation of the Missouri Human Rights Act, §§ 213.010, R.S. Mo., *et seq*. (Count II). (Petition ("Pet."), Doc. No. 1-2). This Court dismissed Count II against Defendant CSC, Corporation ("CSC") because Plaintiff did not timely exhaust his

administrative remedies against CSC. (Doc. No. 16). Thereafter, this Court dismissed Count I against Defendants CSC based upon the federal enclave doctrine. (Doc. No. 28).

On November 19, 2009, Defendant NJVC, LLC ("NJVC") filed a Motion to Dismiss Plaintiff's Complaint based upon the federal enclave doctrine. (Doc. No. 31). Plaintiff did not respond to NJVC's Motion but, instead, filed a Motion for Leave to File First Amended Complaint (Doc. No. 33). Plaintiff asserts that the proposed First Amended Complaint "seeks to clarify the citizenship of Defendant for diversity purposes" and "clarifies that the decision to terminate Plaintiff did *not* occur at the National Geospatial Intelligence Agency located at: 3200 S. 2nd Street, St. Louis, Missouri 63118, but rather at NJVC's corporate headquarters in Vienna, Virginia." (Doc. No. 33, ¶ 5) (emphasis in original).

## DISCUSSION

A.  Federal Enclave Doctrine/Law-of-the-Case

As discussed in this Court's prior Order (Doc. No. 28), the National Geospatial Intelligence Agency ("NGA") is a federal enclave. In his original Petition, Plaintiff alleged that his wrongful discharge occurred at the NGA at 3200 S. 2nd Street, St. Louis, Missouri 63118. (Pet., ¶¶ 2, 4, 17). This Court held that Plaintiff's Count I was barred by the federal enclave doctrine because a cause of action for whistleblowing was recognized in Missouri after cession of the NGA property as a federal enclave. (Doc. No. 28). If common law causes of action were recognized after federal acquisition of the federal enclave, then those claims are barred by the federal enclave doctrine. Cooper v. S. Cal. Edison Co., No. 03-57059, 2006 U.S. App. LEXIS 11897, at *3-4 (9th Cir. May 10, 2006) (holding that the state law claims of intentional and negligent infliction of emotional distress and retaliation did not pre-date the acquisition of Camp Pendelton by the United States and, therefore, were barred by the federal enclave doctrine). Likewise, the federal enclave doctrine also

applies to state discrimination statutes, such as the Missouri Human Rights Act. The federal enclave doctrine "has been applied uniformly to bar the application of state law, including state discrimination statutes, with respect to activities conducted by private employers on federal enclaves." Sundaram v. Brookhaven Nat'l Labs., 424 F. Supp. 2d 545, 570 (E.D.N.Y. 2006) (citing cases); Stiefel v. Bechtel Corp., 497 F. Supp. 2d 1138, 1148-49 (S.D. Cal. 2007) (plaintiff's claim for wrongful termination in violation of public policy was subject to the federal enclave doctrine).

Although Plaintiff alleged in his original Petition that his termination occurred at the NGA (and, therefore, would be barred by the federal enclave doctrine), Plaintiff now seeks to amend his Complaint to allege that he "was terminated via a letter originating from Defendant NJVC's corporate headquarters in Vienna, Virginia." (Amended Complaint, Doc. No. 33-2, ¶ 21). Plaintiff previously alleged that he was terminated at the NGA.[1] Thus, Plaintiff's proposed Amended Complaint attempts to circumvent this Court's prior ruling that Plaintiff's claims were barred by the federal enclave doctrine. Plaintiff seeks to change an important factual allegation of his lawsuit to avoid dismissal of his lawsuit.[2]

Dismissal of Plaintiff's Petition against NJVC is warranted under the "law-of-the-case doctrine." The law-of-the-case doctrine "provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'"

---

[1]NJVC incorrectly states that this "Court's Order expressly found, that 'Plaintiff was terminated at the NGA at 3200 S. 2nd Street, St. Louis, Missouri 63118.'" (Defendant NJVC's Opposition to Plaintiff's Motion to Amend, Doc. No. 34, p. 2). This Court, instead, found that Plaintiff had alleged that he was terminated at the NGA, based upon his pleadings. (Order, Doc. No. 28, pp. 4-5).

[2]This is not the first time that Plaintiff has attempted to change his factual pleadings to avoid dismissal. In Plaintiff's opposition to CSC's Motion to Dismiss Count I, Plaintiff argued, contrary to his pleadings, that his termination occurred at this home, not at the NGA. (Doc. No. 23, p. 4).

Maxfield v. Cintas Corp., 487 F.3d 1132, 1134-35 (8th Cir. 2007) (quoting Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. and Urban Dev., 807 F.2d 1433, 1440-41 (8th Cir. 1986)). "This doctrine 'prevents the relitigation of settled issues in a case, thus protecting the settled expectations of the parties, ensuring uniformity of decisions, and promoting judicial efficiency.'" Id. The Court will consider a "previously decided issue under the law-of-the-case doctrine 'only if substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice.'" Id.

If the Court were to allow Plaintiff to amend its factual allegations, it would result in contradictory rulings for CSC and NJVC based solely upon the operative complaint at the time of their respective motions. Plaintiff has provided no reason to justify the new factual pleading. He has not stated that he has done further investigation or otherwise realized that his prior pleading was incorrect.[3] Rather, Plaintiff's new factual pleading seems aimed solely at avoiding this Court's application of the federal enclave doctrine. The Court cannot allow Plaintiff to amend his Petition because such amending would violate the doctrine of the law-of-the-case.

Based upon this Court's prior ruling on CSC's Motion to Dismiss (Doc. No. 28), NJVC's Motion to Dismiss is granted. Plaintiff's Motion for Leave to File his First Amended Complaint is denied as moot.

---

[3]Plaintiff claims that "[*n*]*ow that he has been apprised of the federal enclave doctrine*, he realizes that he must plead more specifically so as to allege that the actual act of deciding to terminate him did not occur where he was physically employed, on the federal enclave, but rather occurred at the corporate headquarters in Vienna, Virginia." (Plaintiff Robert Stuckstede's Motion for Leave to Fil his First Amended Complaint, Doc. No. 33, ¶ 8) (emphasis added). Thus, Plaintiff admits that he seeks to change his pleading to avoid the federal enclave doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant NJVC LLC's Motion to Dismiss (Doc. No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Robert Stuckstede's Motion for Leave to File his First Amended Complaint (Doc. No. 33) is **DENIED** as moot.

Dated this 15th day of January, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE